RODGERS, Justice:
This is a suit to cancel a warranty deed as a cloud upon the title of the home of the appellee, Marie Berry Byrd. The suit was filed and tried in the Chancery Court of Rankin County, Mississippi, and resulted in a final decree cancelling the deed as being a forgery.
The relevant facts essential to this opinion are as follows: John Byrd owned two acres of land near Star, in Rankin County, Mississippi. He married the appellee, with whom he had been living and cohabiting, on July 3, 1967. He died on July 20, 1967. His wife remained on the property in question as her home.
On July 25, 1967 the appellant, Irene Walker Taylor Arnold, filed an alleged warranty deed in the office of the Chancery Clerk for recordation. The deed appeared to have been acknowledged and signed by the mark of John Byrd on July 21, 1961. The acknowledgment was notarized by a notary public in the state of Florida.
The appellee offered testimony to show that the deceased, John Byrd, did not go to *411 Florida on the date shown in the deed. Moreover, the deposition of the notary public described the person who signed the deed to be five feet seven or eight inches tall, weighing about 165 pounds, whereas the proof shows that John Byrd was six feet one or two inches tall and weighed about 200 pounds. He wore a size 161/2 shirt.
The grantee in the alleged deed was the sister of the deceased and members of her family claimed that they saw John Byrd sign the deed by his mark. Checks were introduced into the record showing the signature of the deceased, although he did not sign the application for the marriage by his signature, but did sign by his mark.
The Chancellor determined that the deed was a forgery.
On appeal to this Court, the appellant, grantee in the deed, contends that the Chancellor did not give proper evi-dentiary weight to the strong presumption of the jurat of the attesting officer in the deed. It is true that there is a presumption that a certificate of acknowledgment states the truth; moreover, the introduction of a properly acknowledged deed into evidence establishes a prima facie case that such deed is genuine. Such an acknowledgment can only be overthrown by evidence so clear, strong and convincing as to exclude all reasonable controversy as to the falsity of the certificate.
An examination of the record, however, has convinced us that the testimony in this case is overwhelmingly in favor of the complainant. It is clear, cogent and convincing.
We are therefore of the opinion that the Chancellor was correct in cancel-ling the deed as a cloud upon the title of the appellee, Marie Berry Byrd, to the property described in the decree of the Chancery Court. Clark v. Lansford, 191 So.2d 123 (Miss.1966).
The final decree must therefore be affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, BRADY and ROBERTSON, JJ., concur.